UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY J. PRIEN,

        Plaintiff,

v.

GARY LUCAS, *et al.*,

        Defendants.

Case No. C08-5733 BHS/KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure 72. The case is before the Court upon review of Plaintiff's complaint. After reviewing the Complaint and balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*Icting Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

ORDER
Page - 1

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff states that he is re-filing his claims that were previously dismissed for failure to exhaust, in Case No. 07-CV-5647 RJB/KLS. Dkt. # 1-2, pp. 1-2. In this case, Plaintiff claims that he was denied adequate medical care in the treatment of an abscess on his buttock which became infected, that prison officials violated their policies and procedures in handling his incoming and outgoing mail to this Court which was clearly marked as "legal mail," and that funds were deducted from his inmate account for co-pays that he never authorized. Dkt. # 1-2, pp. 3-8. With regard to the latter claim, Plaintiff seeks "felony charges of forgery in accordance with the laws of Washington," against certain unnamed defendants who allegedly forged his name on health services co-pay request forms. Dkt. # 1-2, p. 8.

**Proper Identification of Parties**

Plaintiff has failed to properly identify the individual defendants who have allegedly caused him harm. Plaintiff names only Gary Lucas and Wexford Health Sources, Inc. as defendants. Dkt. # 1. Plaintiff does not, however, allege that Defendant Lucas was personally involved in any of the conduct of which he complains or that as a supervisory public officer, that Defendant Lucas participated in or directed the violation or knew of and failed to prevent the violations of his subordinates. *Monell*, 436 U.S. at 694; *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). Plaintiff must set forth facts describing when, where and how individually named defendants deprived him of a constitutional right.

**Claims Relating to Interference with Mail**

Although prisoners have a First Amendment right to send and receive mail, when a prison regulation impinges on that right, the regulation is valid if it is reasonably related to legitimate penological interests. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995)(per curiam); *Turner v. Safley*, 482 U.S. 78, 89 (1987). To determine "the reasonableness of the regulation at issue," a court must review whether there is a valid, rational connection between the prison's action and the legitimate governmental interest put forward to justify it, including whether there are alternate means of exercising the right that remain open to prison inmates, the impact accommodation of the asserted constitutional right will have on guards and other inmates, the allocation of prison resources generally; and the absence of ready alternatives. *Id*.

Prison regulations concerning out-going prisoner mail may need to further "important or substantial governmental interest[s] unrelated to the suppression of expression," *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), but they must at least more closely fit the interest served than regulations concerning in-coming mail, *see Thornburgh v. Abbott*, 490 U.S. 401, 412 (1989); *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996); *Witherow*, 52 F.3d at 265. Prison officials do not need to show that there is no less-restrictive mail policy that could serve the same penological interests. *See Thornburgh*, 490 U.S. at 412; *Witherow*, 52 F.3d at 265.

Plaintiff is also advised that "mail from the courts, as contrasted to mail from the prisoner's lawyer, is not legal mail." See *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

**Claims Relating to Payment of Co-Pays**

There is nothing unconstitutional about a program requiring inmates with adequate resources to pay a small portion of their medical care provided that inmates are not denied medical care. *See, e.g., Shapley v. Nevada Board of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985). In addition, Plaintiff is advised that his request that this Court charge Defendants with forgery is beyond the scope of this Court's jurisdiction or relief that is available in this § 1983 case. Thus, Plaintiff must allege how the signing of the health services request co-pay forms by persons other than himself for issuance of medical services resulted in violation of his constitutional rights.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall show cause explaining why this matter should not be dismissed or may file an amended complaint **no later than January 16, 2009.** If Plaintiff files an amended complaint under § 1983, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) The dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C08-5733 BHS/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

**Plaintiff is cautioned that if he fails to show cause or amend his complaint by January 16, 2009, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

Dated this 16th day of December, 2008.

Karen L. Strombom
United States Magistrate Judge