UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY J. PRIEN,

    Plaintiff,

v.

GARY LUCAS, *et al.*,

    Defendants.

Case No. C08-5733 BHS/KLS

REPORT AND RECOMMENDATION

**NOTED:
February 20, 2009**

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and 4. The Court is advised by Plaintiff Henry J. Prien that he no longer wishes to pursue this action. Dkt. # 7. Accordingly, the undersigned recommends that this action be dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**DISCUSSION**

Mr. Prien's application to proceed *in forma pauperis* was granted on December 15, 2008. Dkt. # 5. On December 16, 2008, the Court advised Mr. Prien that it would not serve his complaint and directed Mr. Prien to file an amended complaint or show cause why the complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. Dkt. # 6. In his Complaint, the Plaintiff states that he is re-filing his claims that were previously dismissed for failure to exhaust, in Case No. 07-CV-5647 RJB/KLS. Dkt. # 5, pp. 1-2. In this case, Plaintiff claims that he was denied adequate medical care in the treatment of an abscess on his buttock which became infected,

REPORT AND RECOMMENDATION
Page - 1

that prison officials violated their policies and procedures in handling his incoming and outgoing mail to this Court which was clearly marked as "legal mail," and that funds were deducted from his inmate account for copays that he never authorized. Dkt. # 5, pp. 3-8. With regard to the latter claim, Plaintiff seeks "felony charges of forgery in accordance with the laws of Washington," against certain unnamed defendants who allegedly forged his name on health services co-pay request forms. Dkt. # 5, p. 8.

The Court directed Mr. Prien to file an amended complaint or to show cause why this action should not be dismissed. Dkt. # 6. The Court advised Mr. Prien of the deficiencies in his original complaint and provided guidance as to the requirements and substance for filing an amended complaint in compliance with the requirements for stating a claim under § 1983. *Id*., pp. 2-4. Mr. Prien was given a deadline of January 16, 2009 to file an amended complaint or show cause. *Id*. at p. 4.

Mr. Prien did not amend his complaint or show cause. Instead, on January 22, 2009, he filed a motion to voluntarily dismiss his complaint, stating that he is withdrawing his complaint and that "[d]ue to a riot at the Idaho State Correctional Institute, the Plaintiff is unable to meet the deadline set by Magistrate Karen L. Strombom." Dkt. # 7. Mr. Prien has not asked for a continuance of the deadline.

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . .

No adverse party has yet been served in this action.

Mr. Prien states that he is "withdrawing his complaint." The undersigned recommends that this withdrawal be construed as a request for voluntary dismissal of this action.

## CONCLUSION

The Court should dismiss this action without prejudice. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

REPORT AND RECOMMENDATION
Page - 2

the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 20, 2009,** as noted in the caption.

DATED this  30th  day of January, 2009.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge